1

2

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

4

5

6

7

8

ANTHONY DAVIS,                                    No. C 13-5589 MEJ (pr)

9
                      Plaintiff,                  **ORDER OF DISMISSAL WITH**
10                                                **LEAVE TO AMEND**

        v.
11
WARDEN G.D. LEWIS, et al.,
12
                      Defendants.
13
_____/
14

15                              **INTRODUCTION**

16        Plaintiff, an inmate at Pelican Bay State Prison ("PBSP") proceeding pro se, filed this

17   civil rights action pursuant to 42 U.S.C. § 1983.  He has been granted leave to proceed in

18   forma pauperis in a separate order.  Based upon a review of the complaint pursuant to 28

19   U.S.C. § 1915A, it is dismissed with leave to amend.

20                               **DISCUSSION**

21   **A.     Standard of Review**

22        Federal courts must engage in a preliminary screening of cases in which prisoners

23   seek redress from a governmental entity or officer or employee of a governmental entity.  28

24   U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss

25   any claims which are frivolous, malicious, fail to state a claim upon which relief may be

26   granted, or seek monetary relief from a defendant who is immune from such relief.  28

27   U.S.C. § 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  <u>Balistreri v.</u>

28   <u>Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

**United States District Court**
For the Northern District of California

the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that he was charged with indecent exposure while occupying his cell in PBSP's Facility A.  As a result of the offense, he was required to wear an indecent exposure control jumpsuit ("IE jumpsuit").  He names as defendants PBSP Warden G.D. Lewis and PBSP Facility A Captain T.A. Wood.

Plaintiff's primary claim is that defendants violated CDCR rules and regulations. Specifically, plaintiff claims that the CDCR rules and regulations only require an IE jumpsuit be applied where indecent exposure occurs outside of a cell.  Failing to follow internal procedures does not violate any constitutional right or other provision of federal law cited by plaintiff or known to the Court.  Prison policy is not federal law, and no federal constitutional right or other federal law cited by plaintiff or known to the Court requires prison officials to use or refrain from using precautionary clothing measures.  Accordingly, the claims for alleged violations of CDCR rules and regulations are DISMISSED **without leave to amend** for failure to state a claim for which relief can be granted.

2

United States District Court
For the Northern District of California

Plaintiff's complaint includes a wide variety of other claims. Specifically, there appear to some allegations of an equal protection violation, deliberate indifference to safety, a due process violation, cruel and unusual punishment, retaliation, and excessive force. The basic contours of these claims, however, such as the dates, specific incidents, and the individual officials involved, cannot be discerned. Plaintiff's allegations fail to state clearly what happened, when it happened, what each defendant did, and how those actions or inactions rise to the level of a federal constitutional violation. The lack of detail prevents the Court from determining which claims deserve a response and from whom, and also prevents individual defendants from framing a response to the complaint. Plaintiff must specifically identify what each named defendant did or did not do in order to state a claim with regard to each separate claim. Plaintiff will be granted leave to amend to allege specifics. In his amended complaint, he must establish legal liability of each person for the claimed violation of his rights. Sweeping conclusory allegations will not suffice; plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). The complaint need not be long. In fact, a brief and clear statement with regard to each claim listing each defendant's actions regarding that claim is preferable.

Accordingly, the complaint is DISMISSED with leave to amend. Plaintiff will be provided with twenty-eight days in which to amend to correct the deficiencies in his complaint if he can do so in good faith.

## CONCLUSION

1. Plaintiff's complaint is DISMISSED with leave to amend.

2. If plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within **twenty-eight (28)** days from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 13-5589 MEJ (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must indicate which specific, named defendant(s) was involved in each cause of action, what each defendant did, when it happened, what effect this had on plaintiff,

and what right plaintiff alleges was violated.  If plaintiff files an amended complaint, he must allege, in good faith, facts – not merely conclusions of law – that demonstrate that he is entitled to relief under the applicable federal statutes.  **Failure to file an amended complaint within twenty-eight days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.**

3.      Plaintiff is further advised that an amended complaint supersedes the original complaint.  Plaintiff may not incorporate material from the prior complaint by reference.

4.       It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  March 5, 2014      _____

Maria-Elena James
United States Magistrate Judge

United States District Court
For the Northern District of California

4