1

2

3

4                           UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7

8

ANTHONY DAVIS,                                    No. C 13-5589 MEJ (pr)

9
                 Plaintiff,                        **ORDER OF DISMISSAL**
10
         v.
11
WARDEN G.D. LEWIS, et al.,
12
                 Defendants.
13
                                          /
14

15                                  **INTRODUCTION**

16        Plaintiff, an inmate at Pelican Bay State Prison ("PBSP") proceeding pro se, has filed

17   an amended civil rights action pursuant to 42 U.S.C. § 1983.  Based upon a review of the

18   amended complaint pursuant to 28 U.S.C. § 1915A, for the reasons stated below, it is

19   dismissed.

20                                  **DISCUSSION**

21   **A.      Standard of Review**

22        Federal courts must engage in a preliminary screening of cases in which prisoners

23   seek redress from a governmental entity or officer or employee of a governmental entity.  28

24   U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss

25   any claims which are frivolous, malicious, fail to state a claim upon which relief may be

26   granted, or seek monetary relief from a defendant who is immune from such relief.  28

27   U.S.C. § 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  Balistreri v.

28   Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1  elements:  (1) that a right secured by the Constitution or laws of the United States was

2  violated, and (2) that the alleged deprivation was committed by a person acting under the

3  color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

4  **B.     Legal Claims**

5        Plaintiff alleges that he was charged with indecent exposure while occupying his cell.

6  As a result of the offense, he was required to wear an indecent exposure control jumpsuit

7  ("IE jumpsuit") as a precautionary security measure for 90 days.  (Doc. No. 1, Ex. C.)

8  Plaintiff claims that the requirements of wearing the IE jumpsuit violated CDCR rules and

9  regulations because the regulations only require an IE jumpsuit to be applied when indecent

10  exposure occurs outside of a cell.  Plaintiff also generally alleges that the rule permitting

11  prison officials to require that he wear an IE jumpsuit is being misapplied for purposes of

12  retaliation.  In addition, plaintiff asserts that the requirement is cruel and unusual

13  publishment, and that it has resulted in an atypical and significant hardship.  Plaintiff names

14  Pelican Bay State Prison ("PBSP") Warden G.D. Lewis as the sole defendant.[1]

15        Despite the Court's previous order, which informed plaintiff that a violation of the

16  CDCR rules and regulations does not violate any constitutional right or other federal law,

17  plaintiff attempts a second time to raise this claim.  For the reasons stated in the Court's

18  previous order, this claim is DISMISSED with prejudice.

19        Plaintiff's retaliation claim is insufficient to state a cognizable claim.  "Within the

20  prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1)

21  An assertion that a state actor took some adverse action against an inmate (2) because of (3)

22  that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his

23  First Amendment rights, and (5) the action did not reasonably advance a legitimate

24  correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote

25  omitted).  Here, plaintiff is silent regarding to what "protected conduct" prison officials

26

27

28        [1]  Although the caption in Plaintiff's amended complaint states defendants as "Warden G.D. Lewis, et al.," Plaintiff does not identify any other defendant in the body of his amended complaint except for Warden G.D. Lewis.

1   allegedly reacted and whether such action affected plaintiff's decision to exercise his First

2   Amendment rights.  Moreover, the exhibits attached to plaintiff's original complaint

3   demonstrate that the prison officials' decision to mandate that plaintiff wear an IE jumpsuit

4   for 90 days was a precautionary safety measure, and thus, the action appears to have

5   reasonably advanced a legitimate correctional goal.  Accordingly, plaintiff's retaliation claim

6   is DISMISSED.

7        Plaintiff's claim that the wearing of the IE jumpsuit violated his Eighth Amendment

8   right against cruel and unusual punishment is equally unavailing.  A prison official violates

9   the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be,

10  objectively, sufficiently serious, Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson

11  v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently

12  culpable state of mind, id. (citing Wilson, 501 U.S. at 297).  In determining whether a

13  deprivation of a basic necessity is sufficiently serious to satisfy the objective component of

14  an Eighth Amendment claim, a court must consider the circumstances, nature, and duration

15  of the deprivation.  The more basic the need, the shorter the time it can be withheld.  See

16  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).  Substantial deprivations of shelter,

17  food, drinking water or sanitation for four days, for example, are sufficiently serious to

18  satisfy the objective component of an Eighth Amendment claim.  See id. at 732-733.  Here,

19  the wearing of an IE jumpsuit for 90 days as a precautionary measure is not objectively or

20  sufficient serious to establish an Eighth Amendment claim.  Thus, plaintiff's Eighth

21  Amendment claim is DISMISSED.

22       Finally, plaintiff alleges that the requirement that he wear the IE jumpsuit violated his

23  right to due process because it resulted in an atypical and significant hardship.  Interests that

24  are procedurally protected by the Due Process Clause may arise from two sources – the Due

25  Process Clause itself and laws of the states.  Meachum v. Fano, 427 U.S. 215, 223-27 (1976).

26  In the prison context, these interests are generally ones pertaining to liberty.  Changes in

27  conditions so severe as to affect the sentence imposed in an unexpected manner implicate the

28  Due Process Clause itself, whether or not they are authorized by state law.  Sandin v. Conner,

United States District Court
For the Northern District of California

3

**United States District Court**
For the Northern District of California

515 U.S. 472, 484 (1995).  Deprivations that are authorized by state law and are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance."  <u>Id.</u> at 477-87.  Generally, "real substance" will be limited to freedom from (1) a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," <u>id.</u> at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," <u>id.</u> at 487.

Whether a restraint is "atypical and significant" under <u>Sandin</u> requires a case by case consideration.  <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003).  Typically, a court should consider the following factors: "(1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; (2) the duration of the condition, and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence."  <u>Id.</u> at 861.

Here, as a result of being charged with indecent exposure and masturbation, plaintiff received a security precaution chrono mandating that he wear an IE jumpsuit for 90 days.  This mandate does not constitute the "atypical and significant" hardship that gives rise to due process protection.  Therefore, plaintiff's due process claim is DISMISSED.

Dismissal is without leave to amend because plaintiff has previously been given an opportunity to amend this claim and it appears that further amendment would be futile.

### CONCLUSION

This action is DISMISSED for failure to state a claim.

IT IS SO ORDERED.

DATED: ___August 5, 2014_____          _____
                                                     Maria-Elena James
                                                     United States Magistrate Judge

4